IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs September 24, 2013

## TIMOTHY R. CHATMON v. STATE OF TENNESSEE

**Direct Appeal from the Criminal Court for Hamilton County**
**No. 286917     Rebecca J. Stern, Judge**

**No. E2013-00591-CCA-R3-HC - Filed October 15, 2013**

The petitioner, Timothy R. Chatmon, filed in the Hamilton County Criminal Court a petition for a writ of habeas corpus, seeking relief from his two convictions for possession of cocaine with the intent to sell. The habeas corpus court denied the petition, and the petitioner appeals. Upon review, we affirm the judgment of the habeas corpus court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court is Affirmed.**

NORMA MCGEE OGLE, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and ROBERT W. WEDEMEYER, JJ., joined.

Timothy R. Chatmon, Manchester, Kentucky, pro se.

Robert E. Cooper, Jr., Attorney General and Reporter; and John H. Bledsoe, Senior Counsel, for the appellee, State of Tennessee.

## OPINION

### I. Factual Background

On March 4, 2003, the petitioner pled guilty to possession of cocaine with intent to sell and received a sentence of eight years, with eleven months and twenty-nine days of the sentence to be served in the county workhouse and the remainder on community corrections. On March 14, 2003, the petitioner pled guilty to another charge of possession of cocaine with intent to sell and again received a sentence of eight years, with eleven months and twenty-nine days of the sentence to be served in the county workhouse and the remainder on community corrections. The sentence was to be served concurrently with the sentence for the March 4 conviction.

Thereafter, on February 13, 2013, the petitioner filed a petition seeking habeas corpus relief. He contended that his two drug convictions should be vacated because his trial counsel were ineffective and because his guilty pleas were not knowingly and voluntarily entered. The petitioner asserted that on August 9, 2012, he was sentenced in federal court and that his federal sentence had been enhanced due to the Hamilton County drug convictions.

The habeas corpus court denied the petition, finding that the petitioner had failed to allege grounds for habeas corpus relief. Specifically, the court found that the petitioner was not entitled to habeas corpus relief because he was not imprisoned or restrained of liberty by the convictions at issue. Further, the court noted that the petitioner's sentences in each of the Hamilton County cases had apparently expired, prohibiting habeas corpus relief. Moreover, the court found that the claims of ineffective assistance of counsel and involuntary guilty pleas rendered a judgment voidable, not void, and were therefore post-conviction claims, not grounds for habeas corpus relief. Finally, the court found that if the petition were construed as one for post-conviction relief, the statute of limitations barred relief.

On appeal, the petitioner contends that the habeas corpus court erred by denying the petition.

## II. Analysis

Initially, we note that the determination of whether to grant habeas corpus relief is a question of law. Summers v. State, 212 S.W.3d 251, 255 (Tenn. 2007). Accordingly, we will review the trial court's findings de novo without a presumption of correctness. Id. Moreover, it is the petitioner's burden to demonstrate, by a preponderance of the evidence, "that the sentence is void or that the confinement is illegal." Wyatt v. State, 24 S.W.3d 319, 322 (Tenn. 2000).

Article I, section 15 of the Tennessee Constitution guarantees an accused the right to seek habeas corpus relief. See Taylor v. State, 995 S.W.2d 78, 83 (Tenn. 1999). However, "[s]uch relief is available only when it appears from the face of the judgment or the record of the proceedings that a trial court was without jurisdiction to sentence a defendant or that a defendant's sentence of imprisonment or other restraint has expired." Wyatt, 24 S.W.3d at 322; see also Tenn. Code Ann. § 29-21-101. In other words, habeas corpus relief may be sought only when the judgment is void, not merely voidable. Taylor, 995 S.W.2d at 83. "A void judgment 'is one in which the judgment is facially invalid because the court lacked jurisdiction or authority to render the judgment or because the defendant's sentence has expired.' We have recognized that a sentence imposed in direct contravention of a statute, for example, is void and illegal." Stephenson v. Carlton, 28 S.W.3d 910, 911 (Tenn. 2000)

(quoting Taylor, 995 S.W.2d at 83).

The State argues that the petitioner failed to satisfy the procedural requirements for a habeas corpus petition. "Without question, the procedural provisions of the habeas corpus statutes are mandatory and must be followed scrupulously." Archer v. State, 851 S.W.2d 157, 165 (Tenn. 1993). Moreover, we note that "[w]ithout question, the procedural provisions of the habeas corpus statutes are mandatory and must be followed scrupulously." Archer v. State, 851 S.W.2d 157, 165 (Tenn. 1993). Specifically, Tennessee Code Annotated section 29-21-107 provides:

> (a) Application for the writ shall be made by petition, signed either by the party for whose benefit it is intended, or some person on the petitioner's behalf, and verified by affidavit.
>
> (b) The petition shall state:
>
> (1) That the person in whose behalf the writ is sought, is illegally restrained of liberty, and the person by whom and place where restrained, mentioning the name of such person, if known, and, if unknown, describing the person with as much particularity as practicable;
>
> (2) The cause or pretense of such restraint according to the best information of the applicant, and if it be by virtue of any legal process, a copy thereof shall be annexed, or a satisfactory reason given for its absence;
>
> (3) That the legality of the restraint has not already been adjudged upon a prior proceeding of the same character, to the best of the applicant's knowledge and belief; and
>
> (4) That it is first application for the writ, or, if a previous application has been made, a copy of the petition and proceedings thereon shall be produced, or satisfactory reasons be given for the failure so to do.

The State correctly asserts that the petitioner failed to verify his application for habeas corpus relief by affidavit, failed to attach copies of the judgments at issue, failed to state that the legality of his restraint had not already been adjudicated, and failed to state that the instant petition was his first application for a writ of habeas corpus. See Tenn. Code Ann. § 29-21-

107; <u>Cox v. State</u>, 53 S.W.3d 287, 292 (Tenn. Crim. App. 2001). However, because the lower court did not deny the petition on procedural grounds, neither will we. <u>See</u> <u>Hickman v. State</u>, 153 S.W.3d 16, 23 (Tenn. 2004).

Initially, we note that as a prerequisite to habeas corpus relief, a petitioner "must be 'imprisoned or restrained of liberty' by the challenged convictions." <u>Benson v. State</u>, 153 S.W.3d 27, 31 (Tenn. 2004) (quoting Tenn. Code Ann. § 29-21-101). Persons detained because of federal convictions are not entitled to state habeas review of their federal detention. <u>See</u> Tenn. Code Ann. § 29-21-102. A petitioner " [his] freedom of action or movement." <u>Summers</u>, 212 S.W.3d at 257 (emphasis added). The "[u]se of the challenged judgment to enhance the sentence imposed on a separate conviction is not a restraint of liberty sufficient to permit a habeas corpus challenge to the original conviction long after the sentence on the original conviction has expired." <u>Hickman</u>, 153 S.W.3d at 23. Moreover, "[h]abeas corpus relief does not lie to address a conviction after the sentence on the conviction has been fully served." <u>Summers</u>, 212 S.W.3d at 257.

The petitioner is presently incarcerated in a federal prison on a wholly separate federal conviction, and nothing in the record suggests that he is serving a sentence from any of the challenged judgments concurrently with his federal sentence, notably because the sentences have apparently expired. <u>See</u> <u>Faulkner v. State</u>, 226 S.W.3d 358, 362 (Tenn. 2007). Therefore, his claims for habeas corpus relief are unavailing.

Furthermore, we note that the petitioner's claims regarding the ineffectiveness of counsel and the knowing and voluntary nature of his pleas would, at best, render his judgments voidable, not void; therefore, such allegations are not cognizable claims for habeas corpus relief. <u>See</u> <u>Passarella v. State</u>, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994). Accordingly, we conclude that the petitioner is not entitled to habeas corpus relief.

### III. Conclusion

Finding no error, we affirm the judgment of the habeas corpus court.

_____
NORMA McGEE OGLE, JUDGE

-4-